# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE RUELAS-SILVA,<br><br>  Petitioner/Defendant,<br>  vs.<br>UNITED STATES OF AMERICA,<br><br>  Respondent/Plaintiff. | CASE NO. 13CR4089-LAB/<br>14CV0574-LAB<br><br>**ORDER DENYING MOTION<br>PURSUANT TO 28 U.S.C. § 2255** |

Enrique Ruelas-Silva pled guilty to conspiracy to distribute marijuana, and was sentenced to 60 months' imprisonment followed by 8 years' supervised release. He then filed an appeal, and during the pendency of that appeal, filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. Transcripts of the proceedings were filed in the docket in connection with the appeal. After he voluntarily dismissed his appeal, the government filed a response to his motion.

Ruelas' motion argues that his counsel was ineffective for failing to review his presentence report (PSR) with him until the day of sentencing. He claims there was some inaccurate information in it.

Ineffective assistance of counsel claims are governed by *Strickland v. Washington*, 466 U.S. 668, 697 (1984). Defense counsel are required to perform reasonably under prevailing professional norms. *Id.* at 688. There is no particular set of rules for counsel's

conduct, and counsel have "wide latitude" in making tactical decisions. *Id.* at 688–89. The Supreme Court has made clear that courts must indulge a "strong presumption" that counsel are performing effectively. *Id.* at 689. An ineffective assistance claim also requires that the defendant show prejudice. *Id.* at 693–94. This means the defendant must show a reasonable probability that, but for his counsel's unprofessional errors, the outcome would have been different. *Id.* at 694.

Ruelas says he did not have his PSR and sentencing memorandum in time to be prepared for sentencing, and that his attorney "didn't show up until sentence day." (Mot. (Docket no. 37) at 2.) He also says his attorney "failed to correct false information on pages ___, ___, ___, [*sic*] of the pre-sentence rept., i.e., that I was convicted of a Hemp in court." (*Id.* at 4.) He also says his attorney "repeated the false information in his sentencing memorandum and failed to review the PSR with me prior to sentencing." (*Id.* at 4; *see also id.* at 5 (making the same claim).) He goes on to say that he and his counsel had no contact after sentencing. (*Id.* at 5.)

Assuming, *arguendo*, that failing to review a PSR with a defendant until sentencing day would be an unprofessional error, the record shows this did not happen. The transcript of the sentencing hearing shows that the Court asked Ruelas' counsel whether he had gone over the PSR with Ruelas, to which his counsel replied "That is correct." (*See* Sentencing Tr. (Docket no. 40) at 3:28–4:1.) Ruelas did not contradict this, and when asked what he had to say, did not mention anything about his counsel's performance. (*Id.* at 17:5–10.)

But even if Ruelas could show his counsel should have reviewed the PSR with him and failed to do so, he cannot show prejudice. *See Strickland*, 466 U.S. at 697 (ineffective assistance of counsel claims may be disposed of solely for lack of prejudice). Ruelas contends the PSR wrongly said he was "convicted of a Hemp in court"[1] but in fact it said he had no previous convictions, and zero criminal history points, putting him in Criminal History Category I. (*See* PSR (Docket no. 23) at 7.) Both the government's and Ruelas' sentencing

---

[1] "Hemp" is a slang term for marijuana, so Ruelas appears to be arguing that his PSR incorrectly recorded a marijuana-related conviction. Ruelas cites no actual page numbers in the PSR that might explain more specifically what this refers to.

summary charts placed him in Criminal History Category I (Docket nos. 27, 29), and the Court sentenced him based on this. (Sentencing Tr. at 22:4.)

It is possible the conviction Ruelas is challenging is the one he was being sentenced for, but if so, that argument is frivolous. He knowingly and intelligently pled guilty, and admitted to the underlying facts of the drug conspiracy he was involved in, and his plea was accepted. (*See generally* Docket nos. 41 (Arraignment/Change of Plea Tr.), 30 (Order accepting guilty plea).) He cannot now claim the PSR was inaccurate for including the crime he pled guilty to and was being sentenced for.

Ruelas' claim that his own counsel included the erroneous information in his own PSR is likewise mistaken. Defendants are not required to file PSRs, and Ruelas' counsel filed none — only a sentencing summary chart and letters from Ruelas' family offered in his support. (Docket nos. 26, 27.)

Counsel are expected to communicate with their clients during the course of the representation as necessary, but the appropriate amount and type of communication depends on the case. *See United States v. Tucker*, 716 F.2d 576, 581 (9th Cir. 1983). Even accepting Ruelas' claim that his counsel failed to meet with him before the day of the sentencing hearing, that does not, by itself, mean Ruelas' counsel was ineffective. This is particularly true here, because the record shows that Ruelas' counsel had extensive discussions with Ruelas about sentencing. (*See, e.g.*, Arraignment/Change of Plea Tr., 9:12–16 (Ruelas' statement that he and his lawyer had discussed sentencing guidelines and their effect); Sentencing Tr. 4:19–21 (counsel's uncontroverted statement that he discussed sentencing issue with Ruelas "over and over again").) Moreover, if any harm resulted from the allegedly limited contact Ruelas' counsel had with him before or after the sentencing hearing, Ruelas has not said what it is, and has shown no prejudice.

Because the motion, record, and files show Ruelas is entitled to no relief, no hearing is necessary. *See* 28 U.S.C. § 2255(b). The motion is **DENIED**. Because he has not made

/ / /

/ / /

1  a substantial showing of the denial of a constitutional right, a certificate of appealability is
2  also **DENIED**. *See* 28 U.S.C. § 2253(c)(2).
3
4       **IT IS SO ORDERED**.
5  DATED: July 29, 2015

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge